UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EDWARD B. MENDY** | **CIVIL ACTION** |
| **VERSUS** | **NO: 20-1831** |
| **LOANCARE, LLC ET AL.** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court are Defendants Kelly Trail and Mark O. Rodi & Associates, Inc. d/b/a RE/MAX Affiliates' Motion to Dismiss (Doc. 8) and Defendants Dean Morris, LLC and Ashley Morris's Motion to Dismiss (Doc. 11). For the following reasons, the Motions are **GRANTED**.

## BACKGROUND

Plaintiff Edward Mendy brings this *pro se* action arising out of a failed real estate transaction. In February 2018, Mendy entered into a contract with Robert and Fernanda Schmidt to buy their property at 1831 South Dupre Street in New Orleans, Louisiana in a short sale. The contract was executed by Mendy as buyer and California Construction Services NJ, Inc. ("CCS") as alternate buyer. Mendy alleges that during the process of purchasing the home, Loancare, LLC ("Loancare") began foreclosure proceedings on the home.

1

He alleges that after foreclosure proceedings began, Loancare denied the short sale request on the basis that the home had appraised for much more.

Thereafter, the Schmidts issued a power of attorney to Mendy to act on their behalf in communications with Loancare to facilitate the short sale and avert foreclosure. Mendy alleges that he was able to convince Loancare to proceed with processing the short sale, but it never stopped the foreclosure process—engaging in "classic dual tracking."[1] Plaintiff alleges that prior to closing on the sale of the property, Defendants "engaged in a pattern of behavior" to induce bad faith breach of the sale contract and commit unfair trade practices.

Plaintiff's Complaint purports to bring claims on his own behalf, as successor in interest of CCS, and on behalf of the Schmidts under the authority of the power of attorney issued to him. The Complaint asserts claims against Loancare and its agent, Kathy Jarboe; RE/MAX Affiliates and its agent, Kelly Trail (collectively, "the Remax Defendants"); and Dean Morris, LLC and its agent, Ashley Morris (collectively, "the Morris Defendants"). This Court dismissed Plaintiff's claims against Loancare and Kathy Jarboe pursuant to Federal Rule of Civil Procedure 4(m) for failure to file proof of service.

Now before the Court are Motions to Dismiss from the remaining Defendants. Plaintiff brings claims against the Remax Defendants for inducing breach of contract, intentional interference with contract, unfair business practices, breach of duty of good faith and fair dealing, tortious conduct, detrimental reliance, and punitive damages. Plaintiff brings claims against the Morris Defendants for violation of the Federal Debt Collection Practices Act

---

[1] Doc. 1.

2

("FDCPA"), unfair business practices, tortious conduct, detrimental reliance, and punitive damages. Defendants move to dismiss these claims, arguing that Plaintiff has not alleged facts to support them and that he lacks standing to bring claims on behalf of CCS or the Schmidts. Plaintiff failed to file an opposition to either Motion. The Court may not, however, simply grant the instant Motion as unopposed. The Fifth Circuit approaches the automatic grant of dispositive motions with considerable aversion.[2] Instead, the Court will consider the Defendants' arguments in turn.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim for relief that is plausible on its face."[3] A claim is "plausible on its face" when the pleaded facts allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."[4] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[5] The court need not, however, accept as true legal conclusions couched as factual allegations.[6] To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[7] If it is apparent from the face of the complaint that

---

[2] *See, e.g.,* Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc., 702 F.3d 794, 806 (5th Cir. 2012); Johnson v. Pettiford, 442 F.3d 917, 918 (5th Cir. 2006) (per curiam); John v. State of Louisiana (Bd. of Trs. for State Colls. and Univs.), 757 F.2d 698, 709 (5th Cir. 1985).

[3] Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).

[4] *Id.*

[5] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).

[6] *Iqbal*, 556 U.S. at 678.

[7] *Id.*

an insurmountable bar to relief exists and the plaintiff is not entitled to relief, the court must dismiss the claim.[8] The court's review is limited to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.[9]

## LAW AND ANALYSIS

### A. The Remax Defendants' Motion to Dismiss

Defendant Kelly Trail, a realtor with Defendant RE/MAX Affiliates, acted as the listing agent for the property at issue. The Remax Defendants allege that the Complaint lacks any factual allegations to support the claims against them. Indeed, the sole factual reference to the Remax Defendants in the Complaint is that "LoanCare communicated through REMAX and Trail that the amount it would accept as a short sale price was $150,000."[10] The remaining allegations against the Remax Defendants—that they disrupted or interfered with the sale contract through "improper means" or that they acted "intentionally, maliciously, recklessly" in interfering with the contract—are entirely conclusory. The Complaint does not allege any actions taken by the Remax Defendants or even define the Remax Defendants' relationship to Plaintiff. The sole allegation of fact—that Trail communicated a message from Loancare—does not support any of the claims alleged. Accordingly, Plaintiff's claims for inducing breach of contract, intentional interference with contract, unfair business practices, breach of duty of good faith and fair dealing, tortious conduct, detrimental reliance, and punitive damages against the Remax

---

[8] *Lormand*, 565 F.3d at 255–57.
[9] Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000).
[10] Doc. 1.

4

Defendants are dismissed. The Court need not consider the Remax Defendants' other arguments.

### B. The Morris Defendants' Motion to Dismiss

Defendant Ashley Morris, an employee of Defendant Dean Morris, LLC, is the attorney that handled the foreclosure proceedings for the property at issue. The Morris Defendants move for dismissal of the claims against them for failure to allege any facts supporting those claims. Plaintiff's Complaint alleges violations of the Federal Debt Collection Practices Act ("FDCPA"), unfair business practices, tortious conduct, detrimental reliance, and punitive damages. This Court will consider each claim in turn.

i. *FDCPA*

The FDCPA prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt."[11]

> In order to state a FDCPA claim, a plaintiff must allege facts sufficient to show that (1) [the plaintiff has] been the object of collection activity arising from a consumer debt; (2) the defendant is a debt collector defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.[12]

First, under the facts alleged by Plaintiff, the Morris Defendants are not debt collectors pursuant to the terms of the FDCPA. The Supreme Court recently held that "those who engage in only nonjudicial foreclosure proceedings are not debt collectors within the meaning of the Act."[13] Further, the only non-

---

[11] 15 U.S.C. § 1692e.

[12] Dennis v. Ocwen Loan Servicing LLC, No. 3:16-CV-836-BH, 2017 WL 4682143, at *10 (N.D. Tex. Oct. 17, 2017) (internal quotation omitted).

[13] Obduskey v. McCarthy & Holthus LLP, 139 S. Ct. 1029, 1038 (2019). *See* Parrish as next friend of Frossard v. Wells Fargo, N.A., No. 1:18-CV-232-SA-RP, 2019 WL 4644540, at *4 (N.D. Miss. Sept. 24, 2019) (holding that Dean Morris, LLC was not a debt collector as contemplated by the FDCPA and granting motion to dismiss).

5

conclusory allegation in Plaintiff's Complaint is that Loancare and the Morris Defendants engaged in "dual tracking" to foreclose on the Schmidts' property. "Dual tracking is the term given to situations in which the lender actively pursues foreclosure while simultaneously considering the borrower for loss mitigation options."[14] Plaintiff has not shown how dual tracking is a violation of the FDPCA. Accordingly, Plaintiff's FDPCA claim against the Morris Defendants is dismissed.

### ii. Unfair Business Practices

Next, the Morris Defendants argue that Plaintiff's Complaint fails to allege facts supporting an unfair business practices claim. This Court agrees. To support a claim under Louisiana's Unfair Trade Practices Act, Plaintiff must allege that the Morris Defendants engaged in conduct that "offends established public policy and . . . is immoral, unethical, oppressive, unscrupulous, or substantially injurious."[15] No such allegations have been made. This claim is therefore dismissed.

### iii. Tortious Conduct

In addition, Plaintiff cannot succeed on his state law tort claim against the Morris Defendants. As counsel for his adversary Loancare, LLC, the Morris Defendants did not owe Plaintiff any legal duty.[16] Further, Plaintiff has not

---

[14] Gresham v. Wells Fargo Bank, N.A., 642 F. App'x 355, 359 (5th Cir. 2016).

[15] Cheramie Servs., Inc. v. Shell Deepwater Prod., Inc., 35 So. 3d 1053, 1059 (La. 2010).

[16] "The jurisprudence is clear that an attorney does not owe a legal duty to his client's opposing party when acting on behalf of his client. A non-client, therefore, cannot hold the attorney of his opponent personally liable for malpractice or negligent breach of a professional obligation." Castle v. Castle, 123 So. 3d 1267, 1271 (La. App. 3 Cir. 2013) (internal quotation omitted).

alleged any facts supporting an intentional tort claim.[17]

  iv. *Detrimental Reliance*

  Finally, Plaintiff asserts a detrimental reliance claim against the Morris Defendants.[18] Here again, Plaintiff does not allege specific facts to support such a claim. "To establish detrimental reliance, a party must prove three elements by a preponderance of the evidence: (1) a representation by conduct or word; (2) justifiable reliance; and (3) a change in position to one's detriment because of the reliance."[19] The Complaint alleges only that Plaintiff relied on representations that "Defendants would work with Plaintiffs and sell the Property to Plaintiff Mendy" and that "Defendants would do whatever was necessary and proper to sell the Property to Plaintiff Mendy."[20] It does not, however, allege with specificity any action or statement made by the Morris Defendants that reasonably lead Plaintiff to believe that he would be able to purchase the Schmidts' property. "A condition precedent to proving a claim for detrimental reliance is demonstrating the existence of a promise upon which the injured party could reasonably rely."[21] In addition, "claims of detrimental reliance are 'not favored in Louisiana [and] [d]etrimental reliance claims must

---

[17] "[F]or a petition to state a cause of action [for intentional tort] against an opponent's attorney, the petition must allege facts showing, on the part of the attorney, specific malice or an intent to 'cause direct harm' in persuading his client to initiate and continue the suit." *Id.*

[18] The Complaint does not specifically identify the Defendants against which Plaintiff intended to assert a detrimental reliance claim. However, this Court views the Complaint in a light most favorable to Plaintiff, as it must, and considers the claim to have been asserted against all Defendants.

[19] GR Restaurants, LLC v. Suzanne Savoy Santillo, LLC, 275 So. 3d 50, 55 (La. App. 3 Cir. 2019).

[20] Doc. 1 at 22.

[21] Oliver v. Cent. Bank, 658 So. 2d 1316, 1323 (La. App. 2 Cir. 1995).

be examined carefully and strictly.'"²² Accordingly, all of Plaintiff's claims against the Morris Defendants are dismissed, and this Court need not consider their other arguments.

## CONCLUSION

For the foregoing reasons, the Motions to Dismiss are **GRANTED**, and all of Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**. Plaintiff may amend his Complaint within 20 days of this Order to the extent that he can remedy the deficiencies identified herein.

New Orleans, Louisiana this 6th day of May, 2021.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

²² Blackstone v. Chase Manhattan Mortg. Corp., 802 F. Supp. 2d 732, 739 (E.D. La. 2011) (quoting In re Ark–La–Tex Timber Co., 482 F.3d 319, 334 (5th Cir. 2007)).